# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Darius McSwain,

    Plaintiff,

v.

Rheon Automatic Machinery a/k/a
Rheon U.S.A.,

    Defendant.

Case file No. 0:21-cv-2518

**COMPLAINT**

Plaintiff, for his cause of action against the above-named Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

### I.

Plaintiff, Darius McSwain, at the time of injury set forth herein below, resided in the City of Minneapolis, County of Hennepin and, accordingly, was a citizen of State of Minnesota.

### II.

That the Defendant, Rheon Automatic Machinery a/k/a Rheon U.S.A (Rheon), Inc, is corporation with principal place of business in California. Defendant does business in the State of Minnesota, including advertising, selling, shipping, installing, and training relating to, its products into the State of Minnesota.

III.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy is more than $75,000.00. Further, venue is proper in this district as Defendant is found here, Plaintiff resided here at the time of the incident, and the injury occurred in this District.

IV.

That Defendant designed, manufactured and sold a Dough Feeder to Franklin Bakery; Defendant further installed said machine at Franklin Bakery and directly provided instruction, training and manuals on the use and maintenance of said machine to Franklin Bakery staff.

V.

On November 22, 2019, the Plaintiff, Darius McSwain, as an employee of Franklin Bakery, sustained permanent and irreversible damage to his left arm, wrist and hand, while using the Dough Feeder described above, in a foreseeable and intended manner.

## **COUNT ONE: NEGLIGENCE**

Plaintiff adopts each and every allegation of the General Allegations above, and, in addition, states and alleges as follows:

I.

That Defendant Rheon was negligent in its design and manufacture of, and warning and training and instruction provided about, the subject Dough Feeder, including, but not limited to, a failure to properly design said machine so as to avoid and prevent Plaintiff's injury, and also in its failure to properly instruct and warn regarding the danger accompanying use and operation of said machine.

II.

That in the years since the subject Dough Feeder was manufactured, Defendant Rheon knew of dangers, yet failed to properly and adequately warn users, such as Plaintiff, of such dangers associated with its use.

### III.

That as a direct and proximate result of the Defendant's negligence described above, Plaintiff, Darius McSwain, was injured.

### COUNT TWO: STRICT LIABILITY

### I.

Plaintiff adopts each and every allegation of the General Allegations and in addition alleges as follows:

### II.

That Defendant Rheon is in the business of designing, manufacturing, distributing and selling food processing machines, including the Dough Feeder described above.

### III.

That on November 22, 2019 when Plaintiff was injured, the subject Dough Feeder had not been altered, changed, or modified from the condition it was in when it left Defendant Rheon's control.

### IV.

That at the time Plaintiff was injured, he was using the subject Dough Feeder in its intended manner.

### V.

That as a direct and proximate result of the Defendant's actions and in actions described above, the Plaintiff was injured.

### COUNT THREE: EXPRESS WARRANTIES

Plaintiff adopts each and every allegation stated above and, in addition, states and alleges as follows:

3

I.

That Defendant Rheon did expressly warrant, make affirmations of fact and promises, that the subject Dough Feeder was safe for use by persons such as Plaintiff.

II.

That Defendant breached said warranty by designing, manufacturing and selling the subject Dough Feeder which they knew, or should have known, was dangerously defective, and unsafe to use.

III.

That Plaintiff's injuries were a direct result of said breach.

## COUNT FOUR: IMPLIED WARRANTIES

Plaintiff adopts each and every allegation stated above and, in addition, states and alleges as follows:

I.

That Defendant Rheon is a seller of goods, including the subject Dough Feeder, which caused Plaintiff's injuries.

II.

That Defendant Rheon did impliedly warrant that the subject Dough Feeder described above was fit for the ordinary uses for which such goods are used, conformed to the promises or affirmations of fact made on the container, label or advertising and, in general, that the Dough Feeder was merchantable and safe for use by persons such as the Plaintiff.

III.

That Plaintiff's injuries were a direct result of Defendant's breach of the warranties described above.

## COUNT FIVE: MISREPRESENTATION

Plaintiff adopts each and every allegation stated above and, in addition, states and alleges as follows:

4

I.

Defendant Rheon is in the business of manufacturing, marketing and selling the subject Dough Feeder. As part of its business, it made representations through its advertisements, instructions, labeling and sales language of material facts concerning the quality and properties of the subject Dough Feeder. These representations included, but were not limited to, assertions that the subject Dough Feeder was safe to use and posed no danger, that the product had a safety device/function which would prevent a person from being injured in the matter the Plaintiff was injured, that this safety device/function was reliable and could be depended upon.

II.

That Plaintiff relied on the representations made by the Defendant in using the subject Dough Feeder.

III.

That as a direct and proximate result of Defendant's misrepresentations, Plaintiff was injured.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7.  Fed. R. Civ. Pro. 38.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for a reasonable sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, and disbursements herein, and other and further relief as the Court deems just and equitable.

Dated: November 17, 2021          RESPECTFULLY SUBMITTED,

By: /s/ Merrick Williams
Merrick Williams (MN Bar # 0300664)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Merrick@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*